# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

MONTY & KATHLEEN MILLER,

    Plaintiff,

v.

WELLS FARGO BANK, et al.,

    Defendants.

2:10-CV-363 JCM (PAL)

## ORDER

Presently before the court is defendants' Wells Fargo National Bank, National Default Service, and Federal Home Loan Mortgage Corporation (hereinafter "defendants") motion to dismiss pursuant to Fed. R. Civ. P. 12(b) and Fed. R. Civ. P 8. (Doc #4). Plaintiffs filed an opposition (Doc. #15) and defendants filed a reply. (Doc. #16).

Plaintiffs, appearing *pro se,* filed their complaint in the Eighth Judicial District Court in Clark County, Nevada. Plaintiffs' complaint is divided into three sections wherein they allege breach of contract, lack of proper service, lack of notice of sale and conspiracy to sell without proper notice. (Doc. #1, Ex. A). Defendants removed the case to this court under diversity jurisdiction pursuant to 28 U.S.C. § 1441.

Plaintiffs' claims stem from the foreclosure of their property at 3510 Leor Court., Las Vegas, NV 89121. Plaintiffs' loan was secured by a deed of trust recorded with the Clark County Recorder as instrument no. 20050617-0001841. (Doc. #4). Wells Fargo was the named lender and United Title of Nevada was named the original trustee. *Id.* Subsequently, Wells Fargo was substituted as trustee of the deed of trust in July of 2005. *Id.* By December 10, 2007 plaintiffs had fallen behind

**James C. Mahan**
**U.S. District Judge**

1  on their home loan payments in the amount of $8,001.74 and on December 11, 2007, Wells Fargo, through its agent, filed a notice of default and election to sell. *Id.*

On April 8, 2008 National Default Servicing Corporation was substituted as trustee of the deed of trust and on that same day filed a notice of trustee's sale. *Id.* The trustee's sale was scheduled to take place on April 29, 2008 at 1:00 p.m. *Id.* On April 28, 2008 plaintiffs filed for bankruptcy protection in an attempt to stall the trustee's sale. (Doc. #1, Ex. A). On October 22, 2008, the bankruptcy court dismissed the plaintiffs' bankruptcy. (Doc. #4). On October 30, 2008, the property was sold at public auction to Federal Home Loan Mortgage Corporation for $163,885.99. *Id.* Plaintiffs filed their complaint fourteen months later. *Id.*

Defendants now seek to dismiss plaintiffs' complaint for failure to state a claim for which relief can be granted (Federal Rule of Civil Procedure ("FRCP") 12) or, in the alternative, pursuant to FRCP 8, which requires a short plain statement of the claim showing that the pleader is entitled to relief. A complaint may be dismissed as a matter of law if it lacks a cognizable legal theory or states insufficient facts under a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.* 749 F.2d 530, 534 (9th Cir. 1984). Additionally, a complaint's factual allegations must be sufficient "to raise the right to relief above a speculative level." *Bell Atlantic Corp. V. Twombly*, 550 U.S. 544, 555 (2007).

Plaintiffs' original complaint fails to state a claim for which relief can be granted. This court routinely affords pro se litigants "great leniency when evaluating compliance with the technical rules of civil procedure." *Eldridge v. Block,* 832 F.2d 1132 (9th Cir. Cal. 1987). However, plaintiffs' breach of contract claim does not allege the elements of a valid, enforceable contract. Plaintiffs allege that they sought a loan modification from Wells Fargo during their bankruptcy and that Wells Fargo assured the plaintiffs that it would contact them after the bankruptcy had concluded. Plaintiffs further allege that they were not contacted before the property was sold at the trustee's sale. Therefore, even if all of the plaintiffs' allegations are in fact true, they do not create an enforceable contract. Furthermore, the plaintiffs have failed to respond to the defendants' arguments regarding their failure to state a claim for breach of contract. Accordingly, this court finds that the plaintiffs

James C. Mahan
U.S. District Judge

- 2 -

1  have failed to state a cognizable breach of contract claim.

2  Additionally, plaintiffs seek to void the trustee's sale. Pursuant to NRS 107.080(5)(c), in
3  order to void the trustee's sale, the plaintiffs were required to record a lis pendens in the county
4  where the sale took place within thirty days of filing their action. Plaintiffs failed to do so.
5  Therefore, this court does not have the statutory authority to void the trustee's sale.

6  Finally, it appears that plaintiffs are also alleging a civil conspiracy. An actionable conspiracy
7  consists of a "combination of two or more persons who, by some concerted action, intend to
8  accomplish an unlawful objective for the purpose of harming another..." *Sutherland v. Gross,* 772
9  P.2d 1287, 1290 (Nev. 1989). In order for a civil conspiracy to exist, there must be an "agreement
10 between tortfeasors, whether explicit or tacit." *In re Koonce,* 262 B.R. 850, 861 (Bankr. D. Nev.
11 2001). Furthermore, although federal courts follow the notice pleading standard, a plaintiff must still
12 allege sufficient facts to support their legal conclusions. *Bell Atlantic Corp. v. Twombly,* 550 U.S.
13 544, 127 S.Ct. 1955, 1974 (2007). Here, plaintiffs fail to support their claim with any relevant factual
14 allegations. Therefore, this court finds that plaintiffs have failed to allege a cognizable civil
15 conspiracy claim.

16 Accordingly,

17 IT IS HEREBY ORDERED, ADJUDGED AND DECREED that defendants Wells Fargo
18 Bank, National Default Service and Federal Home Loan Mortgage Corporation's motion to dismiss
19 (Doc #4) is GRANTED.

20 DATED July 6, 2010.

22 _____
   **UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 3 -